IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH KENNEDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv595-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 10, 2014, federal inmate Joseph Kennedy ("Kennedy) filed the instant *pro se* motion pursuant to 28 U.S.C. § 2255 challenging the sentence imposed on him in 2005 following his conviction for a federal controlled substance offense.[1]  Doc. No. 1.  He argues that his trial counsel rendered ineffective assistance during plea negotiations and that the district court improperly enhanced his sentence based on facts not alleged in the indictment or proven to a jury beyond a reasonable doubt.  *Id*.  For the reasons that follow, Kennedy's § 2255 motion, his fourth, is due to be dismissed as successive.

**I.  DISCUSSION**

Kennedy's first § 2255 motion challenging his controlled substance conviction and 240-month sentence was filed on November 13, 2006.  *See* Civil Action No. 2:06cv1028-

---

[1] Pursuant to a plea agreement, Kennedy pled guilty to conspiracy to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 18 U.S.C. §§ 841(a)(1) and 846 in this court on October 18, 2004.  On July 13, 2005, the court sentenced Kennedy to 240 months in prison. Judgment was entered on July 26, 2005. Kennedy did not appeal.

LES, Doc. No. 1.  On December 24, 2008, this court denied that § 2255 motion as time-barred and dismissed the action with prejudice.  *Id*., Doc. No. 20 (order of district court adopting recommendation of magistrate judge [Doc. No. 18] and dismissing § 2255 action with prejudice).

On January 21, 2012, Kennedy filed a second § 2255 motion attacking his conviction and sentence.  *See* Civil Action 2:12cv73-WHA, Doc. No. 1.  On October 19, 2012, this court dismissed that motion because it constituted a successive § 2255 motion filed without the requisite authorization from the Eleventh Circuit Court of Appeals, depriving this court of jurisdiction to consider the merits of any claims raised in the motion.[2]  *Id*., Doc. Nos. 10 and 11 (final judgment and order of district court adopting recommendation of magistrate judge [Doc. No. 7] and dismissing § 2255 motion).

On July 5, 2012, this court received a third § 2255 motion from Kennedy attacking his conviction and sentence.  *See* Civil Action 2:12cv582-WHA, Doc. No. 1.  On September 19, 2012, that motion was also dismissed by this court as a successive § 2255 motion filed without the requisite authorization from the appellate court.  *Id*., Doc. Nos. 7 and 8 (final judgment and order of district court adopting recommendation of magistrate judge [Doc. No.

---

[2] For purposes of successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive."  *See Villanueva v. United States*, 346 F.3d 55, 59-61 (2nd Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims").

3] and dismissing § 2255 motion).

As this court noted in dismissing Kennedy's second and third § 2255 motions, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

As was the case with his second and third § 2255 motions, Kennedy has again failed to obtain certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks jurisdiction to consider Kennedy's current § 2255 motion, his fourth, and the motion is due to be summarily dismissed.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Kennedy on June 10, 2014 (Doc. No. 1) be denied and this case dismissed, because Kennedy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 15, 2014**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 1st day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE